# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**DAVID DWAYNE DAVIS,**
**Claimant Below, Petitioner**

**vs.) No. 23-ICA-27** (JCN: 2021001961)

**H & E TRUCKING, INC.,**
**Employer Below, Respondent**

**FILED**
**May 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner David Dwayne Davis appeals the December 19, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent H & E Trucking, Inc., filed a timely response.[1] Petitioner did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's April 22, 2022, order closing the claim for temporary total disability ("TTD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's Order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to the instant injury, Mr. Davis was treated extensively for chronic back pain and had been diagnosed with cervical disc protrusion at C5-C6 and C6-C7, cervical neural foraminal narrowing at C5-C6, right L5 radiculitis, lumbar facet arthropathy at L2-S1, lumbar degenerative disc disease at L2-S1, lumbar disc protrusion right at L2-L3, lumbar disc protrusion right at L3-L4, and lumbar degenerative disc disease, among other conditions, dating back to 2000 or 2001.

On July 10, 2020, Mr. Davis was driving a coal truck when a tire blew, causing him to crash into a rock wall on the driver's side of the vehicle. The following day, Mr. Davis filed an Employees' and Physicians' Report of Occupational Injury or Disease stating that he sustained injuries to his face, hip, and back when he wrecked a coal truck. He was diagnosed with low back pain and left hip pain. Thereafter, the claim administrator rejected

---

[1] Petitioner is represented by John H. Shumate, Jr., Esq. Respondent is represented by H. Dill Battle III, Esq.

1

the claim on October 29, 2020. Mr. Davis protested, and he continued to treat with various physicians throughout the course of the ensuing litigation.

The Workers' Compensation Office of Judges ("OOJ") held the claim compensable for a lumbar sprain injury on a no lost time basis by order entered on February 1, 2022. The OOJ specifically held "[a] preponderance of credible medical evidence fails to establish that the claimant was temporarily and totally disabled following the compensable injury." Importantly, Mr. Davis did not appeal.

Subsequently, on February 16, 2022, the claim administrator issued a document entitled "Acknowledgment of Order" wherein it acknowledged the OOJ's order holding the claim compensable on a no lost time basis for a lumbar sprain injury. Mr. Davis' treating physician completed an Attending Physician Benefits Form on February 28, 2022, indicating that Mr. Davis was temporarily and totally disabled from July 11, 2020, to an unspecified period of time. The physician did not list any diagnoses whatsoever on the form. Two months later, on April 22, 2022, the claim administrator issued a second document entitled "Benefit Notice" wherein it notified Mr. Davis that it was closing his claim for TTD benefits. At that time, Mr. Davis protested and presented the Attending Physician Benefits Form and various medical records in support.

On December 19, 2022, the Board issued an order affirming the claim administrator's April 22, 2022, order closing the claim for TTD benefits. The Board found that the only evidence suggesting that Mr. Davis was temporarily and totally disabled was the Attending Physician Benefits Form. The Board noted that the most contemporaneous medical report was an office note from Mr. Davis' treating physician dated March 24, 2021, diagnosing Mr. Davis with lumbar disc protrusion L3-L4 right side, right L3 radiculitis, bilateral sacroiliac joint arthropathy, left SI joint pain greater than right SI joint pain, right L5 radiculitis, lumbar facet arthropathy L2-S1, neural foraminal narrowing bilateral C5-C6, and right C5-C6 radiculitis—all of which were preexisting conditions. The Board noted that the claim had been held compensable only for a lumbar sprain on a no lost time basis, and that Mr. Davis had made no attempt to add any of the diagnoses listed in the March 24, 2021, office note to the claim. Because there was no indication by the treating physician that the period of requested TTD benefits was the result of the compensable lumbar sprain, the Board affirmed the claim administrator's decision closing the claim for TTD benefits. Mr. Davis now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the

petitioner or petitioners have been prejudiced because the Board of Review's findings are:
(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Davis argues that the Board erred in affirming the claim administrator's April 22, 2022, order closing the claim for TTD benefits. However, we find that Mr. Davis failed to timely appeal the OOJ's February 1, 2022, order holding the claim compensable on a no lost time basis and finding that Mr. Davis was not temporarily and totally disabled as a result of his compensable injury.

Pursuant to West Virginia Code § 23-5-12(a) (2021), in part:

[a]ny employer, employee, claimant, or dependent who shall feel aggrieved at any final action of the administrative law judge taken after a hearing held in accordance with the provisions of § 23-5-9 of this code shall have the right to appeal to the board created in § 23-11-1 of this code for a review of such action. . . . The aggrieved party shall file a written notice of appeal with the Board of Review, with a copy to the Office of Judges, within 30 days after receipt of notice of the action complained of or, in any event, regardless of notice, within 60 days after the date of the action complained of, and unless the notice of appeal is filed within the time specified, no appeal shall be allowed, the time limitation is a condition of the right to appeal and hence jurisdictional.

Here, the OOJ issued a final order on February 1, 2022, wherein it concluded that "[a] preponderance of credible medical evidence fails to establish that the claimant was temporarily and totally disabled following the compensable injury" and held the claim compensable on a no lost time basis. Critically, Mr. Davis chose not to appeal that decision and, as such, the holding that Mr. Davis was not temporarily and totally disabled from the compensable injury became final. The order issued by the claim administrator on April 22,

3

2022, was without effect, and Mr. Davis could not protest the matter.[2] The statute is clear that the time limitation is jurisdictional.

Accordingly, we affirm the lower tribunal's holding that Mr. Davis was not temporarily and totally disabled as a result of his compensable injury on the basis that he failed to timely file an appeal of the appropriate order.[3]

Affirmed.

**ISSUED:** May 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

---

[2] Moreover, the claim administrator could not have closed a claim for TTD benefits that was never open.

[3] *See, e.g.*, Syl. Pt. 2, *Adkins v. Gatson*, 218 W. Va. 332, 333, 624 S.E.2d 769, 770 (2005) ("This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment.").